IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-1209-RPM-MJW

CONCORD COMPUTING CORPORATION, a Delaware Corporation,

    Plaintiff,

vs.

FINANCIAL CONSULTING AND TRADING INTERNATIONAL, INC., a California corporation,
RYAN RAMEY, an individual, and
GABRIEL FREM, an individual,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Concord Computing Corporation ("Concord"), through its attorneys Holland & Hart LLP, and defendants Financial Consulting and Trading International, Inc. ("FCTI") and Gabriel Frem, through their attorneys Holme, Roberts and Owen LLP, and defendant Ryan Ramey, through his attorneys The Overton Law Firm, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

    A.    All production and disclosure of "Confidential Information" – as defined in paragraph B, below - shall be governed by this Order.

    B.    "Confidential Information" (including as a subset any documents marked "Attorneys' Eyes Only") as used herein means any information that is designated as sensitive by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in

documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. In general, Confidential Information includes and may be claimed with respect to (a) information concerning present or former employees of Defendants or Plaintiff, (b) financial and customer information, or (c) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party. The **"Confidential – Attorneys' Eyes Only"** designation shall be limited to confidential material that contains or comprises sensitive accounting, financial, product, marketing, research and development, customer or commercial information which, if known to the other party, even subject to the non-disclosure provisions of this Order, would expose the producing party to competitive harm.

C. The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

D. Confidential Information shall not be used or disclosed by any party for any purpose whatsoever other than in the preparation for and trial of this matter and any appeal thereof; provided, however, any party may use its own Confidential Information for any purpose whatsoever.

E. All Confidential Information shall be marked by placing on the initial page or cover of a multi-page document (including deposition transcripts), one of the following designations, or a designation containing the same information, but in a different format:

        1.     "CONFIDENTIAL"; or

        2.     "CONFIDENTIAL INFORMATION – THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER."

        3.     "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

F.    Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, the party objecting to the Confidential designation shall file an appropriate motion with the Court requesting resolution of the matter. With respect to an AEO designation, it shall be the obligation of the party making the AEO designation to file an appropriate motion with the Court requesting resolution of the matter. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order. The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

G.    If a party disputes an Attorneys' Eyes Only designation, each party agrees to first attempt to resolve the dispute by redacting portions of the document designated Attorneys' Eyes Only in order for the document(s) to be designated Confidential.

3

H. Confidential Information shall not be disclosed to any person or entity other than:

1. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

2. Ramey or current directors, officers, and employees of Concord or FCTI who need to see such documents to assist in the preparation for and trial of this matter;

3. Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

4. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A.

5. Any court reporter engaged in connection with this matter (or any of his or her staff or employees); and

6. Any person reasonably expected to testify as a witness at trial.

I. Access to any document marked "Confidential-Attorneys' Eyes Only" received by the non-producing party shall be restricted to the following persons:

1. The non-producing party's counsel in this action, and the counsel's staff;

4

       2.      Expert witnesses retained by a party or its counsel, who have executed Exhibit A;

       3.      Persons authorized to record or transcribe a proceeding at which Confidential Information is disclosed;

       4.      Court personnel involved in this litigation; and

       5.      Ramey, but subject to the restriction that any document designated Attorneys' Eyes Only may only be viewed by Ramey in the offices of counsel and no copies may be retained by Ramey.

J.      To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.3.

K.      This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, all Confidential Information (and any copies thereof) shall be returned, upon request, to the party who produced such material. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Information may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

L.      The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

IT IS SO ORDERED.

Dated this 6 day of March 2006.

BY THE COURT:

Richard P. Matsch
United States District Court Judge

s/Kristin R.B. White
Christopher H. Toll
Kristin R.B. White
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000
**ATTORNEYS FOR PLAINTIFF
CONCORD COMPUTING CORP.**

s/Michael Hofmann
Michael Hofmann
Matthew J. Rita
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
(303) 861-7000
**ATTORNEYS FOR DEFENDANT
FINANCIAL CONSULTING AND
TRADING INTERNATIONAL, INC. AND
GABRIEL FREM**

s/Dan S. Cross
Dan S. Cross
Overton Law Firm
1080 Kalamath Street
Denver, CO 80204
(303) 832-1120
**ATTORNEYS FOR DEFENDANT
RYAN RAMEY**

3466455_3.DOC

7

## EXHIBIT A

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in *Concord Computing Corporation v. Financial Consulting and Trading Int'l Inc., et. al.*, Civil Action No. 05-cv-1209-RPM-MJW.

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any Confidential Information.

6. I hereby consent to be subject to personal jurisdiction in the United States District Court for the District of Colorado with respect to any proceeding relative to the enforcement of the Protective Order.

_____
Signature

Date: