RECEIVED APR - 2 2007

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 3 2007

GREGORY C. ...

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1209-RPM-MJW

CONCORD COMPUTING CORPORATION, a Delaware Corporation,

      Plaintiff,

vs.

FINANCIAL CONSULTING AND TRADING INTERNATIONAL, INC., a California corporation,
RYAN RAMEY, an individual, and
GABRIEL FREM, an individual.

      Defendants,

RYAN RAMEY,

      Third-Party Plaintiff,

vs.

THE FIRST DATA CORPORATION MERGER SEVERANCE POLICY, and THE FIRST DATA SEVERANCE POLICY,

      Third-Party Defendants.

---

## FINAL PRETRIAL ORDER

---

### 1.    DATE AND APPEARANCES

The Final Pretrial Conference was held in this matter on November 17, 2006 at 3:00 p.m.

Appearing for the parties were:

      a.      Plaintiff Concord Computing Corporation ("Concord") represented by:

> Christopher H. Toll
> Holland & Hart LLP
> 8390 E. Crescent Parkway, Suite 400
> Greenwood Village, CO 80111
> (303) 290-1600
> and
> Kristin R.B. White
> Holland & Hart LLP
> 555 17th Street, Suite 3200
> Denver, CO 80202
> (303) 295-8000

     b.     Defendants Financial Consulting and Trading International, Inc. ("FCTI"),

and Gabriel Frem ("Frem") represented by:

> Matthew J. Rita
> Michael J. Hofmann
> Holme Roberts & Owen LLP
> 1700 Lincoln Street, Suite 4100
> Denver, CO 80203
> (303) 861-7000

     c.     Defendant and Third-party Plaintiff Ryan Ramey ("Ramey") represented

by:

> Dan S. Cross
> Overton Law Firm
> 1080 Kalamath Street
> Denver, CO 80204
> (303) 832-1120

     d.     Third-party Defendant The First Data Corporation Severance Policy (the

"Plan") represented by:

> Michael S. Beaver
> Holland & Hart LLP
> 8390 E. Crescent Parkway, Suite 400
> Greenwood Village, CO 80111
> (303) 290-1600

## 2.      JURISDICTION

The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §

1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between citizens of different States.  The Court has subject matter

jurisdiction over the counterclaims asserted by the defendants pursuant to 28 U.S.C. § 1367.  The

Court has subject matter jurisdiction over Mr. Ramey's third-party complaint against The First

Data Severance Policy under 28 U.S.C. § 1331.

## 3.      CLAIMS AND DEFENSES

### a.      Plaintiff Concord

Claims:  Prior to May 11, 2005, Ramey was Senior Vice President and General Manager

of the Trucking Division for Concord.  His responsibilities included negotiating and maintaining

maintenance contracts for Concord's ATMs located at various trucking locations.  From January

of 2005 until May of 2005, Ramey advocated for FCTI to become Concord's new ATM

maintenance vendor.  Based on Ramey's advocacy, Concord decided to change vendors to FCTI.

Concord negotiated an ATM Management Agreement (the "Agreement") with FCTI while at the

same time terminating the services of Concord's existing provider.  The Agreement provided that

FCTI would manage ATMs on behalf of Concord in various locations.  FCTI's management

responsibilities included providing processing services and all maintenance support.

Unbeknownst to Concord, at the time of the negotiation of the Agreement, Ramey had at

some point begun discussing future employment possibilities at FCTI with FCTI's President,

Frem.  Those discussions created a conflict of interest for Ramey.  Concord would not have

entered into the Agreement with FCTI had it known that Ramey was advocating for the Agreement, and negotiating its substance on behalf of Concord, while at the same time negotiating an FCTI employment agreement for himself.

On May 10, 2005, ten days after FCTI executed the Agreement, a proposed employment agreement from FCTI already signed by Frem was mistakenly shipped to Concord instead of to Ramey. The employment agreement offered a term of employment from January 1, 2006 until December 31, 2008. The position to be held and services to be performed were unspecified. The employment agreement guaranteed Ramey a signing bonus of $125,000, and a salary of $200,000 per year for three years even if the contract were terminated prior to December 31, 2008. Therefore, if the contract terminated early for any reason, Ramey would receive as severance pay the entire $725,000. Under the stated notice and termination provisions, Ramey could receive the $725,000 for as little as one month's work at FCTI.

The proposed employment agreement was not a *bona fide* offer of employment, but rather was compensation to Ramey for (1) securing FCTI's position as Concord's vendor, and (2) contract administration benefits that FCTI anticipated Ramey would confer on FCTI in the seven and a half months that the employment agreement contemplated Ramey would remain at Concord. Based on Ramey's violations of his duties to Concord, Ramey was terminated from Concord on May 11, 2005. By letter dated June 1, 2005, Concord rescinded the Agreement with FCTI, offering to tender back to FCTI anything of benefit Concord received under the Agreement.

Based on these facts, Concord brings (1) fraud in the inducement and civil conspiracy claims against all defendants; (2) aiding and abetting breach of fiduciary duty claims against

FCTI and Frem; (3) a dual agency claim against Ramey and FCTI; (4) a declaratory judgment claim against FCTI; and (5) a breach of fiduciary duty claim against Ramey. Concord will not pursue its second claim for relief for commercial bribery or its eighth claim for relief for tortious interference with prospective business relations at trial. Concord seeks an order rescinding the Management Agreement and damages based on the compensation Ramey received while he was in breach of his fiduciary duty to Concord.

Defenses to FCTI's counterclaims: FCTI asserts counterclaims for breach of contract and disparagement against Concord. The breach of contract claim will fail because the Agreement no longer exists, following Concord's rescission. Additionally, even if the Agreement still existed and Concord were liable under it, the Agreement expressly limits FCTI's damages to its out of pocket costs and amounts owed for performance, which amounts are minimal. FCTI's damage calculation is further flawed due to Ms. Kellogg's incorrect and inaccurate assumptions and calculations as detailed in Mr. Hall's expert report, and due to a failure to account for any risk in the calculation.

FCTI's disparagement claim will fail for lack of proof and lack of a defamatory statement. One of the alleged statements FCTI identifies in its summary judgment brief is protected opinion under governing law. Further, both statements FCTI relies upon are subject to a qualified common interest privilege. FCTI's claim also fails for lack of proof of special damages and malice.

In addition, Concord has also asserted the following separate defenses: (1) certain of FCTI's counterclaims fail to state a claim upon which relief may be granted; (2) FCTI's own material breach bars its recovery; (3) Concord is entitled to a setoff of any amounts allegedly

owed to FCTI; (4) the doctrines of estoppel and waiver bar FCTI's counterclaims in whole or in part; (5) FCTI's counterclaims are barred in whole or in part by the doctrine of unclean hands; (6) FCTI's claims are barred for lack or failure of consideration; (7) the doctrine of fraud in the inducement bars FCTI's contract claims; and (8) FCTI has failed to mitigate its damages, if any.

Defenses to Ramey's counterclaims: Ramey asserts claims for breach of contract and promissory estoppel based on an alleged oral promise of employment for a fixed period of time. However, the various disclaimers and contracts that Ramey signed acknowledging his at-will employment status negate the oral contract claim as a matter of law, and make any reliance on the oral promise unreasonable as a matter of law. The statute of frauds also bars the oral contract claim. Finally, both claims fail because the alleged oral promise was in fact never made.

Ramey asserts a claim for breach of an express contractual duty of good faith and fair dealing. The claim is based on various general statements in First Data's Code of Conduct and website. However, these statements constitute the types of vague assurances that Colorado courts have stated cannot form the basis of a good faith and fair dealing claim.

Finally, Ramey asserts a defamation claim, the factual basis for which has changed between the time of Ramey's deposition and his response to Concord's motion for summary judgment. To the extent Ramey still relies upon the statements initially alleged (Chris Courts to Ron Cleveland, Joe Jackson to Ron Kessler, Joe Jackson to Frem), the claim will fail for lack of proof and the absence of any defamatory statement. To the extent Ramey adopts his summary judgment briefing theory of a Joe Jackson statement to Pilot Travel Centers, the claim fails for lack of a defamatory statement. The statement in question is one of opinion, protected by

6

governing law. Further, the statement is subject to a qualified common interest privilege. Ramey's claim further fails for lack of proof of special damages and malice.

In addition, Concord asserts the following separate defenses to Ramey's counterclaims: (1) certain if not all of Ramey's counterclaims fail to state a claim upon which relief may be granted; (2) Ramey's counterclaims are barred, or his recovery for damages, if any, must be reduced, by Ramey's own fault, negligence, misconduct, inaction and unclean hands; (3) Ramey's claims for breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing are barred by disclaimers acknowledging Ramey's at-will employment; (4) Ramey's claims for breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing are barred because Concord had a good-faith legal basis and cause for terminating Ramey's employment; (5) Ramey's claim for defamation is barred because the alleged defamatory statements were true and not made recklessly or with malice; (6) Ramey's claim for defamation is barred because Concord and its agents were privileged to communicate the statements to the third parties; (7) Ramey has failed to mitigate his damages; and (8) any alleged damages, including exemplary damages, are capped or barred by state statute.

　　　　　b.　　　Defendants FCTI and Frem

*FCTI and Mr. Frem's Defenses to Concord's Claims*

The contract between FCTI and Concord was extensively negotiated between Gabriel Frem and numerous Concord executives, with minimal or no contribution on the financial and legal terms from Ryan Ramey. That contract went through multiple layers of internal approval at Concord and its parent company, First Data (collectively, "Concord"), and to this day everyone concedes that the contract made economic sense for Concord. Nevertheless, certain elements

within Concord wished, for improper reasons that could have been uncovered through FCTI's involvement (such as pre-existing improper allocation of internal expenses, improper allocation of certain transactions with customers, and improper tracking of ATM vault cash), to escape Concord's contractual obligations.  When Concord intercepted and opened Mr. Ramey's mail, and saw that FCTI had made him a job offer, those elements within Concord seized on that as an excuse to try to purportedly terminate the contract.  As a prelude to their malicious actions, those elements first attempted to reduce Concord's liability through the introduction of a proposed "amendment" to the contract.  When that tactic failed, those elements within Concord also presented knowingly false, incomplete, and misleading information to Concord's decision-makers about the circumstances of the contract and Mr. Ramey's job offer.  Concord eventually declared the contract terminated or "rescinded."  On the very same day Concord purported to rescind the contract, Concord filed this lawsuit against FCTI, Mr. Frem, and Mr. Ramey.

The simple fact is that Mr. Frem made the job offer to Mr. Ramey *after* the contract was fully negotiated and the parties had begun preparing to perform.  While the contract was being negotiated, Mr. Frem did not offer employment to Mr. Ramey, or discuss employment with him. Even witnesses from Concord concede that there is nothing wrong with one of its employees receiving an unsolicited job offer – indeed, some of them have received such offers themselves, and are still employed by Concord.  Ms. Gold even admitted in testimony under oath that when she had received job offers in the past, she did not always inform her superiors.  Despite that concession, Mr. Ramey lost his job for being sent a job offer that he did not even receive. Furthermore, Concord went as far as branding him a fraudster in public court filings.

As the evidence at trial will show, Concord has no legal basis for purportedly "rescinding" the contract. Concord's "fraudulent inducement" claim (the first claim for relief) will fail because the supposedly concealed facts did not exist. Concord's "aiding and abetting breach of fiduciary duty" claim (its fourth claim for relief) will fail because Mr. Ramey did not breach his fiduciary duty. Concord's fifth claim, for "dual agency," is frivolous, because a "dual agency" claim only exists when *neither* principal is aware of the "dual agency," and Concord's whole case depends on FCTI being aware that Mr. Ramey was somehow its "agent" in connection with the negotiation of the agreement. Newton v. Mann, 137 P.2d 776, 777 (Colo. 1943); Governor's Ranch Professional Center, Ltd. v. Mercy of Colorado, Inc., 793 P.2d 648, 651 (Colo. App. 1990) (rescission of contract on dual agency theory proper only if "the principals had no knowledge of the common agency").

Concord's claim for "civil conspiracy" (its sixth claim) will fail for lack of proof and lack of any improper or unlawful conduct by Mr. Frem or FCTI. Concord has represented that it is not pursuing its claims for "commercial bribery" or "intentional interference with prospective business relations," and FCTI and Mr. Frem have relied on that representation in submitting this proposed order and designating exhibits and witnesses.

Moreover, all of Concord's claims suffer from an inability to show any damages. First, before the contract was signed, Concord was at risk of losing significant customers, including Pilot Travel Centers, Petro, and TA. In fact, Concord has now lost Petro and TA to FCTI. Pilot, whose contract with Concord was set to expire in 2009, has also informed Concord that it has breached the contract for poor service, among other reasons, and it has sent Concord repeated breach letters demanding an ATM de-installation schedule. Moreover, Pilot recently requested

9

that FCTI, not Concord, install ATMs in the new Pilot stores. As is evidenced from the clients' loyalty to FCTI, the contract with FCTI would have preserved these customers for Concord. Second, if Concord had performed its contract with FCTI, it would have been in a more favorable financial condition, as is evidenced from financial analysis and other discovery material obtained from Concord. All of FCTI and Mr. Ramey's supposed "wrongdoing" therefore would have (1) preserved a customer for Concord and (2) enhanced Concord's financial condition. Concord will not be able to show any damages.

*FCTI and Mr. Frem's Counterclaims*

Because Concord has repudiated the contract, FCTI has brought a counterclaim against Concord for breach of contract. FCTI has also brought a counterclaim for breach of the implied duty of good faith and fair dealing based on Concord's attempt to extort modifications of the contract and its reckless purported "termination" of the contract, which the Court has now dismissed. On its remaining claims, FCTI seeks the net revenue it would have received under the contract, or the amount specified in Exhibit B of the contract for Concord's failure to perform.

Concord, however, went beyond simply shirking its contractual obligations, and beyond even just filing a lawsuit against FCTI and Mr. Frem. Instead, Concord chose to defame and disparage FCTI and Mr. Frem to third parties, telling them that FCTI and Mr. Frem were trying to bribe Concord employees and steal its business. Based on these defamatory statements, FCTI and Mr. Frem have filed a counterclaim for disparagement. On that claim, FCTI and Mr. Frem seek to recover the amount necessarily expended to remove the blot on their reputations.

c.    Defendant and Third-Party Plaintiff Ramey

Defendant Ryan Ramey vehemently denies the allegations in Plaintiff's Complaint, further states that he acted in the best interests of Plaintiff at all pertinent times. Plaintiff's allegations of fraud are not stated with sufficient particularity. Any alleged reliance by Plaintiff was unreasonable as a matter of law. Defendant Ryan Ramey further states and alleges that Plaintiff fails to state a claim upon which relief can be granted; Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches; Plaintiff failed to mitigate its damages; Plaintiff's claims are barred by its unclean hands; Defendant Ryan Ramey was not the proximate or factual cause of any alleged damages of Plaintiff; Plaintiff's damages are and were the proximate result of superceding and/or intervening causes; Defendant Ryan Ramey is entitled to a set off against any damages allegedly suffered by Plaintiff in the amount of damages suffered by Defendant Ryan Ramey which were caused by Plaintiff; Plaintiff's claims are barred by the economic loss rule and by the doctrine of election of remedies; Plaintiff's claims are without substantial justification, and therefore Defendant Ryan Ramey is entitled to reimbursement of his attorney fees pursuant to C.R.S. § 13-17-102, 28 U.S.C. § 1927, and any other applicable law; and, Defendant Ryan Ramey reserves the right(s) to amend, conform and/or supplement its pleadings, to have defenses designated as claims or vice versa, and to otherwise have its pleadings construed to do substantial justice.

Defendant Ryan Ramey has four counterclaims against Plaintiff, and alleges that he suffered the damages set forth below. Mr. Ramey claims that his termination of employment by Plaintiff is a breach of an express and/or implied contract of employment for a specified duration. Mr. Ramey claims that he reasonably relied to his detriment on Plaintiff's commitment that he would be employed through the end of calendar year 2005. Plaintiff breached its express

covenants of good faith and fair dealing by terminating Mr. Ramey's employment (in part because Plaintiff failed to investigate or confirm its allegations against Mr. Ramey). Plaintiff, through its agents and employees, has published in writing and orally false statements which are defamatory *per se* about Mr. Ramey, to the effect that he breached fiduciary duties.

As a Third Party Plaintiff, Mr. Ramey makes a claim against Third Party Defendant First Data Corporation Severance Policy for severance benefits, including at least six months of base annual salary, based on his termination of employment.

The actions of Plaintiff caused Defendant Ryan Ramey to suffer damages, including but not limited to loss of salary, benefits and bonus compensation (for the period of May 11, 2005, through December 31, 2005), loss of severance pay, tax penalties resulting from premature payment of deferred compensation, damages resulting from his extreme and severe emotional distress, and other damages, e.g., job-hunting expenses, loss of savings, etc., the amount of which are to be determined at trial.

d.      Third-Party Defendant the Plan

The Plan[1] is an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* The Plan provides severance benefits to an eligible employee of First Data Corporation or a specified subsidiary (including Concord), where an employee suffers "involuntary loss of employment . . . as a direct result of position elimination or reduction in force." The Plan further sets forth a number of reasons for

---

[1] Ramey previously asserted a claim under a separate benefit plan, the "First Data Corporation Merger Severance Policy." However, Ramey has withdrawn his claim against that plan. See Response of Third Party Plaintiff Ryan Ramey to Third Party Defendant's Motion for Summary Judgment (Docket No. 53), filed July 14, 2006, at p. 6.

termination of employment that render an employee ineligible, including "misconduct," determined by the employer in its sole discretion, including "any actions contrary to or in violation of the Company's policies, procedures, values or Code of Conduct." The Plan provides all claim decision-makers with "the absolute discretion and right to interpret, construe and administer the [Plan] and to make final determinations on all questions arising [thereunder]. Thus, all decisions concerning Plan benefits must be reviewed by a Court under the "arbitrary and capricious" standard.

Months after his termination from Concord, Ramey made a claim for severance benefits under the Plan. The Plan decision-maker determined that Ramey did not lose his employment as a result of position elimination or reduction in force. To the contrary, the Plan decision-maker determined that Ramey was terminated for reasons not entitling him to benefits under the Plan, including misconduct. Thus, his claim was denied. Ramey filed an appeal of the denial, and after further review and consideration, the denial of benefits was affirmed. The Plan submits, for the reasons previously established in its Motion for Summary Judgment, that the denial of Ramey's claim was reasonable, supported by substantial evidence, and neither arbitrary nor capricious.

When reviewing a decision under the arbitrary and capricious standard, the Court is "limited to the administrative record- the materials compiled by the administrator in the course of making his decision." *Fought v. UNUM Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004). *See also DeGrado v. Jefferson Pilot Financial Ins. Co.*, 451 F.3d 1161, 1176, n. 3 (10th Cir. 2006) (district court's decision to allow extra-record evidence was erroneous); *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 382 (10th Cir. 1992) (district court's decision reversed

based upon consideration of extra-record evidence).  Thus, the Plan respectfully submits that the Court should take no evidence, but should decide Ramey's claim based solely upon the administrative claim record previously provided to the Court, along with the parties' briefs.

### 4.   STIPULATIONS

The following facts are undisputed:

1.      Prior to May 11, 2005, Ramey was a Senior Vice President and General Manager of the Trucking Division for Concord.

2.      Concord signed the Agreement on April 29, 2005, and FCTI signed the Agreement on April 30, 2005.

3.      Ramey was terminated from Concord on May 11, 2005.

4.      The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.*

5.      The Plan denied Ramey's claim for severance benefits by letter dated October 19, 2005.

6.      The Plan denied Ramey's appeal for severance benefits by letter dated February 3, 2006.

Other Stipulations:

1.      The Parties will exchange demonstrative exhibits 10 days prior to trial.

### 5.   PENDING MOTIONS

1.      None at this time.

### 6.   WITNESSES

a.      Plaintiff Concord – Non-Expert Witnesses

*See* attached Tab A for Concord's list of non-expert witnesses.

b.  Defendants FCTI and Frem – Non-Expert Witnesses

*See* attached Tab B for FCTI and Frem's list of non-expert witnesses

c.  Defendant and Third-party Plaintiff Ramey – Non-Expert Witnesses

*See* attached Tab C for Ramey's list of non-expert witnesses

d.  Third-party Defendant First Data – Non-Expert Witnesses

A list is not being provided with this Final Pretrial Order based on the

Court's ruling at the Final Pretrial Conference that the Third-Party claims

against the Plan would be decided by the Court after the main trial.

e.  Expert witnesses.

1.  Plaintiff Concord

a.  May Call:

(1) David Hall, Navigant Consulting, 707 17th Street, Suite 3040,

Denver, CO 80202.

2.  Defendants FCTI and Frem

a.  May Call:

(1) William Patterson, CPA, William Patterson & Associates, 5600

South Quebec Street, Suite 156B, Greenwood Village, Colorado,

80111, (303) 369-6633.

(2) Alanna Kellogg, The Kellogg Group, Inc., 314 Longview

Blvd., St. Louis, Missouri, 63122, (314) 822-8160.

3.  Defendant Ramey

None.

## 7.   EXHIBITS

a.   Plaintiff Concord's Exhibits

   (1)   *See* attached Exhibit List, Tab D.  Concord reserves its right to add additional exhibits after the Frem and Hazelwood depositions are completed.

b.   Defendants' FCTI and Frem Exhibits

   (1)   *See* attached Exhibit List, Tab E

c.   Defendant and Third-party Plaintiff Ramey's Exhibits

   (1)   *See* attached Exhibit List, Tab F

d.   Third-party Defendant First Data

   A list is not being provided with this Final Pretrial Order based on the Court's ruling at the Final Pretrial Conference that the third-party claims against the Plan would be decided by the Court after the main trial.

e.   Copies of any listed exhibits not previously exchanged must be provided to opposing counsel no later than 5 days after the filing of this Pretrial Order (April 9, 2007).  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served (by hand delivery or facsimile) no later than eleven days after the exhibits are provided (April 20, 2007).

## 8.   DISCOVERY

Fact Discovery has been completed.  Damages discovery per the Court's Order on March 29, 2007 will conclude by April 30, 2007.

### 9.    SPECIAL ISSUES

The third-party claims asserted by Defendant Ramey and against the Third-Party

Defendant The First Data Severance Policy will be decided by the Court after the jury trial

concludes.

### 10.    SETTLEMENT

Counsel certify that:

        a.    Throughout the month of July 2006, both counsel and the parties for

Concord, FCTI, and Frem discussed in good faith, settlement of the lawsuit over many telephone

conferences and email exchanges.

        b.    The participants in the various settlement discussions included Kristin

R.B. White, Craig Hess, Royal Cole, and Greg Courts for Concord, and Michael J. Hofmann and

Gabriel Frem for FCTI.

        c.    The parties were promptly informed of all offers of settlement.

        d.    Counsel do not intend to hold future settlement conferences.

        e.    It appears from the discussion by all counsel that there is little possibility

of settlement.

        f.    There is currently no date set for a settlement conference before the

magistrate judge or other alternative dispute resolution method.

### 11.    OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provisions of rule 68 of the Federal Rules of

Civil Procedure (Offer of Judgment) and have discussed it with the clients against whom claims

are made in this case.

## 12.   EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Amended Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to ***prevent manifest injustice***. The pleadings will be deemed merged herein. This Amended Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Amended Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.   TRIAL AND ESTIMATED TRIAL TIME; FURTHER
## TRIAL PREPARATION PROCEEDINGS

(1) Trial is to a jury, with certain equitable and ERISA claims for the court to decide (2) Defendants believe the trial will require seven trial days, while Concord believes it can be completed in five, and (3) trial will be held at Courtroom A of the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado.

Dated this _____ 3 nd _____ of April, 2007.

BY THE COURT:

Richard P. Matsch
United States District Court Judge

AMENDED FINAL PRETRIAL ORDER SUBMITTED:

_____
Christopher H. Toll
Scott S. Barker
Kristin R.B. White
HOLLAND & HART LLP
555 Seventeenth Street
Suite 3200
Denver, CO  80202
Telephone:  303-295-8000
Attorneys for Concord Computing Corp.

_____
Dan S. Cross
Thomas J. Overton
THE OVERTON LAW FIRM
1080 Kalamath Street
Denver, CO 80204
Telephone:  303-302-2737
Attorneys for Ryan Ramey

_____
Matthew J. Rita
Michael J. Hofmann
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541
Telephone:  303-861-7000
Attorneys for FCTI and Gabriel Frem

_____
Michael S. Beaver
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO  80110
Telephone:  303-290-1600
Attorneys for First Data

AMENDED FINAL PRETRIAL ORDER SUBMITTED:


_____
Christopher H. Toll
Scott S. Barker
Kristin R.B. White
HOLLAND & HART LLP
555 Seventeenth Street
Suite 3200
Denver, CO  80202
Telephone:  303-295-8000
Attorneys for Concord Computing Corp.


_____
Matthew J. Rita
Michael J. Hofmann
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541
Telephone:  303-861-7000
Attorneys for FCTI and Gabriel Frem


_____
Dan S. Cross
Thomas J. Overton
THE OVERTON LAW FIRM
1080 Kalamath Street
Denver, CO 80204
Telephone: 303-302-2737
Attorneys for Ryan Ramey


_____
Michael S. Beaver
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO  80110
Telephone:  303-290-1600
Attorneys for First Data

AMENDED FINAL PRETRIAL ORDER SUBMITTED:

_____

_Th 7 Ourt_

Christopher H. Toll
Scott S. Barker
Kristin R.B. White
HOLLAND & HART LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202
Telephone: 303-295-8000
Attorneys for Concord Computing Corp.

Dan S. Cross
Thomas J. Overton
THE OVERTON LAW FIRM
1080 Kalamath Street
Denver, CO 80204
Telephone: 303-302-2737
Attorneys for Ryan Ramey

_____

_____

Matthew J. Rita
Michael J. Hofmann
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Telephone: 303-861-7000
Attorneys for FCTI and Gabriel Frem

Michael S. Beaver
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80110
Telephone: 303-290-1600
Attorneys for First Data

19

## TAB A:  CONCORD'S WITNESS LIST

Concord anticipates that all of its witnesses, except as noted for Ms. Mellor, will testify live and not by deposition.

    (A)     Will Call

        1.     Greg Courts, 2525 Horizon Lake Drive, Suite 120, Memphis, Tennessee 38133.  When called, Mr. Courts will testify concerning the nature of Concord's ATM business, Concord's relationship with FCTI, the Management Agreement, his meetings and communications with Gabriel Frem, and FCTI's damages claim.

        2.     Bob Degen, 12500 East Belford Avenue, M22A5, Englewood, Colorado 80112.  When called, Mr. Degen will testify concerning his investigation of Ryan Ramey's conduct and his meeting with Ramey.

        3.     Charles Fote, 4600 South University, Englewood, Colorado 80113.  When called, Mr. Fote will testify concerning his initial approval of the Management Agreement and his subsequent decision to rescind the Management Agreement.

        4.     Joseph Jackson, c/o Holland & Hart, 8390 E. Crescent Parkway Suite 400, Greenwood Village, CO 80111.  When called, Mr. Jackson will testify concerning the process of negotiating the management agreement, his communications with Ryan Ramey, receipt of the employment offer from FCTI, his decision to terminate Ramey's employment, his communications with Gabriel Frem, the reasons for proposing to amend the Management Agreement, his involvement in the decision to rescind the Management Agreement, Ramey's compensation, and defendants' defamation claims.

5.      Sandee Mellor, 157 Greeley Street, Collierville, TN 38017, via deposition. When called, Ms. Mellor will testify concerning her work as Ramey's administrative assistant, and communications with Ramey the day the employment offer arrived from FCTI.

6.      Mike Yerington, 8438 Owl Roost Court, Parker, Colorado 80134.  When called, Mr. Yerington will testify concerning his supervision of Ryan Ramey, communications with Ramey, and the absence of any oral promise to Ramey of employment for a fixed period of time.

(B)     May Call

1.      Chris Courts, 2525 Horizon Lake Drive, Suite 120, Memphis, Tennessee 38133.  If called, Mr. Courts will testify regarding Ryan Ramey's employment at Concord and Concord's receipt of the FCTI employment offer to Ramey.

2.      Marc Munson, present address unknown, Seattle, Washington.  If called, Mr. Munson will testify concerning the financial aspects and terms of the Management Agreement, the Capital Appropriations Request process, the negotiation of the Management Agreement, and his communications with Frem and Ramey.

3.      Mike Rodin, 12500 East Belford Avenue, M21A3, Englewood, Colorado 80112.  If called, Mr. Rodin will testify concerning negotiation of the Management Agreement, communications with Gabriel Frem, and the damages limitation provisions of the Management Agreement.

4.      Mark Holubar, 12500 East Belford Avenue, M21A3, Englewood, Colorado 80112.  If called, Mr. Holubar will testify concerning the terms of Ramey's employment with Concord and First Data.

5.      Stephanie Shine, 12500 East Belford Avenue, M21A3, Englewood, Colorado 80112. If called, Ms. Shine will testify concerning the financial aspects and terms of the Management Agreement, the Capital Appropriations Request process, the negotiation of the Management Agreement, and her communications with Ramey.

6.      Christina Gold, 12500 East Belford Avenue, Englewood, Colorado 80112. If called, Ms. Gold will testify concerning her communications with Ramey, the absence of any oral promise to Ramey of employment for a fixed period of time, her approval of the Management Agreement, and her involvement in the decisions to terminate Ramey's employment and to rescind the Management Agreement.

7.      Ryan Ramey, 2425 S. St. Paul Street, Denver, Colorado 80210.  If called, Mr. Ramey will testify concerning the terms of his employment with Concord and First Data, the absence of any oral promise of employment for a fixed period of time, negotiation of the Management Agreement, his communications with Gabriel Frem concerning employment with FCTI, the circumstances of the termination of his employment, his defamation claim, and his alleged damages.

8.      Gabriel Frem, 1901 Avenue of the Stars, Los Angeles, California 90067. If called, Mr. Frem will testify concerning negotiation of the Management Agreement, his communications with Ramey regarding the same and employment with FCTI, the employment offer sent to Ramey, FCTI's disparagement claim, and FCTI's alleged damages.

9.      Any witness for impeachment, rebuttal, or the admission of evidence.

## TAB B:  FCTI AND FREM WITNESS LIST

a.      Non-Expert Witnesses

      (1)      FCTI and Mr. Frem <u>will</u> call the following witnesses:

          (a)      Gabriel Frem, c/o Holme Roberts & Owen LLP, 1700 Lincoln Street, Suite 4100, Denver, Colorado, 80203, (303) 861-7000. Mr. Frem will testify about the executed contract between FCTI and Concord, the fact of the negotiation of the contract, FCTI's job offer to Mr. Ramey, FCTI and Mr. Frem's damages, the customer concerns (including Pilot, Petro, and TA's concerns about poor service and other issues) that led Concord to seek FCTI's help, the benefits to Concord from the contract, and the disparaging statements by Concord.  Mr. Frem is expected to testify in person.

          (b)      Ryan Ramey, c/o The Overton Law Firm, 1080 Kalmath St., Denver, Colorado, 80204, (303) 832-5303. Mr. Ramey will testify about the customer concerns (including Pilot, Petro, and TA's concerns about poor service and other issues) that led Concord to seek FCTI's help, the internal approval process at Concord, FCTI's job offer to him, why he wouldn't have accepted the offer anyway, and his fulfilled desire to leave the ATM industry. Mr. Ramey is expected to testify in person.

          (c)      Michael Rodin, Esq., c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Rodin will testify as an adverse witness about the fact that he extensively negotiated the contract with Mr. Frem. Mr. Rodin will also testify that none of the information he received from Mr. Frem or Mr. Ramey was inaccurate.  FCTI and Mr. Frem will <u>not</u> call Mr. Rodin to testify concerning any parol evidence, given the existence of a written, fully integrated, unambiguous contract between the parties. Mr. Rodin is expected to testify in person.

(d)     Marc Munson, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Mr. Munson will testify as an adverse witness concerning his approval of the contract and the financial benefits to Concord from the contract.  Mr. Munson is expected to testify in person.

(2)     FCTI and Mr. Frem may call the following witnesses:

(a)     Charles Fote, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Mr. Fote may testify as an adverse witness concerning Concord's decision to approve the contract, and Concord's decision to purportedly terminate the contract.  Mr. Fote is expected to testify in person.

(b)     Ed Labry, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Mr. Labry may testify about Concord's past and present dealings with Pilot.  Mr. Labry may be outside the subpoena power of the Court and as such may have to testify by preservation deposition.

(c)     Christina Gold, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Ms. Gold may testify as an adverse witness concerning Concord's decision to approve the contract, the subsequent decision to purportedly terminate the contract, and Concord's attempt to extort modifications of the contract.  Ms. Gold is expected to testify in person.

(d)     Asa Hazelwood, c/o Pilot Travel Centers LLC, 5508 Lonas Drive, Knoxville, TN, 37909.  Mr. Hazelwood of Pilot may testify concerning Pilot's unhappiness with Concord's service, Concord's business dealings with Pilot, Concord's financial dealings with Pilot, statements made by Concord about FCTI and Mr. Frem, and the e-mail that he sent to Mr.

2

Ramey and which Concord accused Mr. Ramey of fabricating. Mr. Hazelwood may be outside the subpoena power of the Court and as such may have to testify by preservation deposition.

(e)     Matthew "Greg" Courts, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Courts may testify as an adverse witness concerning Concord's service and other problems with Pilot, Petro, TA, and other customers. Mr. Courts will also testify to disparaging statements he made about FCTI, Mr. Frem and Mr. Ramey. Mr. Courts is expected to testify in person.

(f)     Joseph Jackson, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Jackson may testify as an adverse witness about Concord's decision purportedly to terminate the contract, the improper reasons behind that purported termination, complaints by Concord's customers, including Pilot, Petro, and TA, about its service and other issues, his attempt to extort a modification of the contract, and his defamatory statements about FCTI and Mr. Frem. Mr. Jackson is expected to testify in person.

(g)     Paul Fambrini, (303) 528-6191. Mr. Fambrini may testify concerning defamatory statements made to him concerning Mr. Frem and FCTI. Mr. Fambrini is expected to testify in person.

(h)     Stephanie Shine, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Ms. Shine may testify as an adverse witness about Concord's decision to approve the contract.

(i)     Chris Bakke, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Bakke may testify as an adverse witness about Concord's decision to approve the contract.

3

(j)     Scott Scheirman, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Scheirman may testify as an adverse witness about Concord's decision to approve the contract.

(k)     Canda Rozier, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Ms. Rozier may testify as an adverse witness about Concord's decision to approve the contract.

(l)     Kim Patmore, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Ms. Patmore may testify as an adverse witness about Concord's decision to approve the contract.

(m)     Angie Fout, c/o Pilot Travel Centers LLC, 5508 Lonas Drive, Knoxville, TN, 37909. Ms. Fout may testify concerning the e-mail sent by Asa Hazelwood to Ramey, which e-mail she was cc'd on. That is the e-mail that Concord has accused Mr. Ramey of fabricating. Ms. Fout may be outside the subpoena power of the Court and as such may have to testify by preservation deposition..

(n)     Certain representatives of Petro and TA. These individuals may testify concerning unhappiness with Concord's service, Concord's business dealings with TA and/or Petro, and Concord's financial dealings with TA and/or Petro. These representatives may be outside the subpoena power of the Court and as such may have to testify by preservation depositions.

(o)     Any witness needed for impeachment, rebuttal, or the admission of evidence.

### TAB C:  RAMEY'S WITNESS LIST

Mr. Ramey <u>will</u> call the following witnesses:

(a)      Mr. Ryan Ramey, c/o The Overton Law Firm, 1080 Kalamath St., Denver, Colorado, 80204, (303) 832-5303.  Mr. Ramey will testify about the customer concerns (including Pilot, Petro, and TA's concerns about poor service and other issues) that led Concord to seek FCTI's help, the internal approval process at Concord, FCTI's job offer to him, his claims, his employment with and termination of employment from Concord, and his damages. Mr. Ramey is expected to testify in person.

Mr. Ramey <u>may</u> call the following witnesses:

(a)      Charles Fote, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Mr. Fote may testify as an adverse witness concerning Concord's decision to approve the contract, and Concord's decision to purportedly terminate the contract.  Mr. Fote may further testify regarding First Data's express covenants of good faith and fair dealing.  Mr. Fote is expected to testify in person.

(b)      Christina Gold, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Ms. Gold may testify as an adverse witness concerning Concord's decision to approve the contract, the subsequent decision to purportedly terminate the contract, and Concord's attempt to modify the contract.  Ms. Gold may further testify regarding Mr. Ramey's employment and termination of employment, employment-related policies, and First Data's covenant of good faith and fair dealing.  Ms. Gold is expected to testify in person.

(c)      Asa Hazlewood, Pilot Travel Centers, LLC, 5508 Lonas Drive, Knoxville, TN 37909; 800.562.6210.  Mr. Hazlewood of Pilot may testify concerning Pilot's unhappiness

with Concord's service and contract compliance, Concord's business dealings with Pilot, Mr.

Ramey's dealings and communications with and from Pilot, Concord's financial dealings with

Pilot, and defamatory statements made by Concord concerning Mr. Ramey. Mr. Hazlewood is

expected to testify in person.

   (d)  Matthew "Greg" Courts, c/o Holland & Hart LLP, P.O. Box 8749, 555

Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Courts

may testify as an adverse witness concerning Concord's service and other problems with Pilot,

Petro, TA, and other customers. Mr. Courts is expected to testify in person.

   (e)  Joseph Jackson, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth

Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000. Mr. Jackson may testify as

an adverse witness about Concord's decision purportedly to terminate the contract, the decision

to terminate Mr. Ramey's employment, Mr. Ramey's employment and termination of

employment, employment-related policies, his severance agreement, the improper reasons

behind that termination, complaints by Concord's customers, including Pilot, Petro, and TA,

about its service and other issues, , and his defamatory statements about Mr. Ramey. Mr.

Jackson is expected to testify in person.

   (f)  Mark Cleveland, contact information presently not known. Mr. Cleveland

may testify concerning defamatory statements made to him by First Data concerning Mr. Ramey.

Mr. Cleveland is expected to testify in person.

   (g)  Mark Kessler, address information presently not known. 404.909.1249.

Mr. Kessler may testify concerning defamatory statements made to him by First Data concerning

Mr. Ramey. Mr. Kessler is expected to testify in person.

(h)     David Weisenteiner, contact information presently not known.  Mr. Weisenteiner may testify concerning defamatory statements made to him by First Data concerning Mr. Ramey.  Mr. Weisenteiner is expected to testify in person.

(i)     Robert Degen, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Mr. Degen may testify as an adverse witness about Concord's investigation of Mr. Ramey, and related policies.

(j)     Ron Pierce and/or a representative of the First Data Corporation Severance Plan, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Mr. Pierce may testify as an adverse witness about Mr. Ramey's claim for severance benefits and its denial.  Mr. Pierce may testify in person.

(k)     Michael Yerington, 303.619.8224.  Mr. Yerington may testify to the circumstances of Mr. Ramey's employment with Concord, including but not limited to the terms and conditions of his employment and the terms of Concord's employment policies.  Mr. Yerington may testify in person.

(l)     Paula Redmond, c/o Holland & Hart LLP, P.O. Box 8749, 555 Seventeenth Street, Suite 3200, Denver, Colorado, 80201-8749, (303) 295-8000.  Ms. Redmond may testify regarding the transaction between FCTI and Concord, and her conversations with Mr. Ramey re same.  Ms. Redmond is expected to testify in person.

(m)     Witnesses listed by all other parties.

(n)     Impeachment witnesses.

(o)     Witnesses necessary to lay a foundation.

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

*Case No. 05-cv-01209-RPM*
*Judge Richard P. Matsch*
Page 1 of 8

**PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST**

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 1. | Undated | EFS Transportation Services organizational chart | Confidential CONCORD 0204 (Courts Depo Ex. 19) | | | | FCTI Obj. Rule 106, 802, 901<br><br>Ramey Obj. Rule 106, 802, 901 |
| 2. | Undated | Ryan Ramey resume | Confidential CONCORD 0149 (Ramey Depo Ex. 1) | | | | |
| 3. | 03/21/00 | Employment agreement between Concord EFS and Ryan Ramey | Confidential CONCORD 0403 (Ramey Depo Ex. 2) | | | | |
| 4. | 01/01/01 | First Data/Western Union Employee's Guide | Confidential CONCORD 2236-2331 (Ramey Depo Ex. 16) | | | | FCTI Obj. Rule 802, 901<br><br>Ramey Obj. Rule 802, 901 |
| 5. | 12/01/01 | Electronic Banking Services Agreement between Pilot Travel Centers and Concord Computing Corporation | Confidential CONCORD 0040-0057 (Ramey Depo Ex. 4) | X (F,R) | | | |
| 6. | 01/01/03 | First Data Code of Conduct | Confidential CONCORD 0264-279 (Degen Depo Ex. 8) | X (F,R) | | | |
| 7. | 01/01/04 | Diebold Quality Care Maintenance Agreement with Concord EFS, Inc., with addendums and discounted model based pricing | **Confidential-AEO** CONCORD 0105-0108 (Ramey Depo Ex. 12) | | | | FCTI Obj. Rule 106, 802, 1002<br><br>Ramey Obj. Rule 106, 802, 1002 |
| 8. | 05/07/04 | Comp Structure Summary for Ryan Ramey, with EFS new account summaries attached | Confidential CONCORD 0418-0421 (Ramey Depo Ex. 13) | | | | FCTI Obj. Rule 802, 901<br><br>Ramey Obj. Rule 802, 901 |
| 9. | 05/09/04 | Employee Agreement between First Data Corporation and Ryan Ramey | Confidential CONCORD 0401-0402 (Ramey Depo Ex. 14) | | | | |

3618018_4.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
Page 2 of 8

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 10. | 05/10/04 | Telemonitoring Consent Form | Confidential CONCORD 0395 (Degen Depo Ex. 3) | | | | FCTI Ex. A-1 |
| 11. | 05/14/04 | First Data Proprietary Rights and Nondisclosure Agreement Terms and Conditions of Employment | Confidential CONCORD 0405 (Ramey Depo Ex. 17) | | | | |
| 12. | 05/14/04 | Receipt & Acknowledgment of Your First Data Employee Handbook, signed by Ramey | Confidential CONCORD 0408 (Ramey Depo Ex. 15) | | | | FCTI Obj. Rule 106 Ramey Obj. Rule 106 |
| 13. | 05/19/04 | Christina Gold Calendar page outlining appointments for May 19, 2004 | Confidential CONCORD 2487 (Ramey Depo Ex. 18) | | | | FCTI Obj. Rule 802, 901 Ramey Obj. Rule 802, 901 |
| 14. | 05/21/04 | Letter from Mark Holubar to Ryan Ramey providing notice of intent not to renew Ramey's employment contract | Confidential CONCORD 0141-0143 (Ramey Depo Ex. 19) | | | | FCTI Obj. Rule 802, 901 Ramey Obj. Rule 802, 901 |
| 15. | 06/15/04 | Memorandum from Mark Holubar to Trish Beck Re: Ryan Ramey chronology and compensation package (Redacted) | Confidential CONCORD 0197-0200 (Ramey Depo Ex. 21) | | | | FCTI Obj. Rule 802, 901 Ramey Obj. Rule 802, 901 |
| 16. | 06/17/04 | Christina Gold Calendar page outlining appointments for June 17, 2004 | Confidential CONCORD 2489 (Ramey Depo Ex. 22) | | | | FCTI Obj. Rule 802, 901 Ramey Obj. Rule 802, 901 |
| 17. | 06/20/04 | Employee Agreement between First Data Corporation and Ryan Ramey | RRamey 0030-0031 (Ramey Depo Ex. 25) | | | | |
| 18. | 08/02/04 | 2004 Special Project Completion Bonus Plan for Ryan Ramey | Confidential CONCORD 0138-0140 (Ramey Depo Ex. 28) | | | | Ramey Ex. 5 |

3618018_4.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
Page 3 of 8

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 19. | 01/26/05 | New meeting request from Denise Wilsey to Gabriel Frem, Marc Munson, Mark Gates, Ryan Ramey, Stephanie Shine, cc: Barbara Wells, Joe Jackson, and Ruby Lee Re: FCTI's ATM presentation | Confidential CONCORD 2346 (Frem Depo Ex. 6) | X (F,R) | | | |
| 20. | 02/03/05 | Restrictive Covenant Agreement for Employees in Colorado, between Concord EFS Financial Services and Ryan Ramey | RRamey 0022-0029 (Ramey Depo Ex. 31) | | | | |
| 21. | 02/15/05 | Draft FCTI ATM Management Agreement between Concord EFS and FCTI | Confidential CONCORD 2389-2396 (Courts Depo Ex. 5) | | | | FCTI Obj. Parol Evidence[1], 802, 106<br><br>Ramey Obj. Rule 106 |
| 22. | 02/18/05 | E-mail from Asa Hazelwood to Ramey re: Contract Issues | Confidential CONCORD 2411 (Courts Depo Ex. 7) | | | | FCTI Obj. Rule 106, 802, 901, 1002<br><br>Ramey Obj. Rule 106, 901, 1002 |
| 23. | 03/22/05 | Presentation pages, Western Union EFS Transportation Services Business Review, March 22, 2005 | Confidential CONCORD 2397-2399 (Courts Depo Ex. 23) | | | | FCTI Obj. Rule 106, 802<br><br>Ramey Obj. Rule 106, 802 |
| 24. | 03/22/05 | E-mail from Gabriel Frem to Mike Rodin Re: EFS Transportation: Services Agreement | Confidential FCTI 000081-82 (Frem Depo Ex. 13) | | | | FCTI Ex. G<br><br>FCTI Obj. Parol Evidence |

---

[1] Though parol evidence is a rule of substantive law, and though Fed.R.Civ (26(a)(3) provides that objections under F.R.E. 402 and 403 need not be made at this point, FCTI raises the objection now, given the number of drafts of the agreement that appear on Concord's exhibit list.

3618018_4.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 4 of 8**

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|-------|------|-------------|-------------|------|-----|-----|----------|
| 25. | 03/22/05 | E-mail from Gabriel Frem to Mike Rodin Re: EFS Transportation: Services Agreement | Confidential CONCORD 2464-2463 (portion of Frem Depo Ex. 14) | | | | FCTI Obj. Parol Evidence |
| 26. | 03/22/05 | Draft FCTI ATM Management Agreement with EFS Transportation Services | Confidential CONCORD 2042-2053 (portion of Frem Depo Ex. 14) | | | | FCTI Obj. Parol Evidence, 106<br>Ramey Obj. Rule 106 |
| 27. | | Withdrawn | | | | | |
| 28. | 03/28/05 | Draft FCTI ATM Management Agreement with EFS Transportation Services | Confidential CONCORD 1853-1869 (portion of Frem Depo Ex. 14) | | | | FCTI Obj. Parol Evidence<br>Ramey Obj. Rule 106 |
| 29. | 04/04/05 | E-mail from Mark Gates to Ryan Ramey, cc: Greg Courts, Stephanie Shine, and Marc Munson re: ATM Update | Confidential CONCORD 0455-456 (Courts Depo Ex. 22) | X (R) | | | |
| 30. | 04/05/05 | Ryan Ramey e-mail terminating Diebold, Incorporated contract | Confidential CONCORD 0318-0319 | | | | FCTI Obj. Rule 106, 802, 901<br>Ramey Obj. Rule 802 |
| 31. | 04/15/05 | Draft FCTI ATM Management Agreement with EFS Transportation Services | Confidential CONCORD 1494-1511 (portion of Frem Depo Ex. 14) | | | | FCTI Obj. Parol Evidence<br>Ramey Obj. Rule 106, 802 |
| 32 | 04/22/05 | Payment Services Capital Appropriations Request EFS Transportation Services – ATM Outsource | **Confidential-AEO** CONCORD 0586-590 (Degen Depo Ex. 5) | X (F,R) | | | |

3618018_4.DOC

## PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|-------|------|-------------|-------------|------|-----|-----|----------|
| 33. | 04/22/05 | Payment Services Capital Appropriations Request EFS Transportation Services – ATM Outsource (Redacted) | Confidential CONCORD 2403-2407 (Jackson Depo Ex. 16) | X (F,R) | | | |
| 34. | 04/23/05 | Amendment No. 2 to Electronic Banking Services Agreement by and between Concord Computing and Pilot Travel Centers | Confidential FCTI 000053 (Courts Depo Ex. 8) | X (F,R) | | | FCTI Ex. E |
| 35. | 04/23/05 | Amendment No. 2 to Electronic Banking Services Agreement By and Between Concord Computing Corporation and Pilot Travel Centers LLC | Confidential CONCORD 0079 (Frem Depo Ex. 23) | X (F,R) | | | |
| 36. | 04/27/05 | FCTI ATM Management Agreement between Concord Computing Corp. and FCTI | Confidential FCTI 000022-52 (Courts Depo Ex. 4) | X (F,R) | | | FCTI Ex. A |
| 37. | 04/27/05 | E-mail from Brandenburg to Ramey Re: Asa Hazelwood email | Confidential CONCORD 0231 (Ramey Depo Ex. 44) | | | | FCTI Obj. Rule 802, 901 Ramey Obj. Rule 802, 901 |
| 38. | 05/02/05 | E-mail string between Frem and Courts, cc: Stirling re: Courts' trip to meet with Frem in L.A. | Confidential CONCORD 0286-287 | X (F,R) | | | FCTI Ex. Y |
| 39. | 05/09/05 | Employment Agreement between FCTI and Ramey, Exhibit A attached | FCTI 000054-59 (Frem Depo Ex. 25) | | | | |
| 40. | 05/10/05 | Fed Ex label from Employment contract | CONCORD 0260-0261 | | | | FCTI Obj. Rule 901, 1002 Ramey Obj. Rule 901, 1002 |

3618018_4.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 6 of 8**

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 41. | 05/13/05 | Handwritten investigative notes of Bob Degen | Confidential CONCORD 2427-2432 (Degen Depo Ex. 1) | | | | FCTI Obj. Rule 802 <br><br> Ramey Obj. Rule 802 |
| 42. | 05/13/05 | First Data Corporation pay stub with earnings statement for period ending 5/15/05 for Ryan Ramey | RRamey 0039 | | | | |
| 43. | 05/19/05 | E-mail from Bob Degen to Joe Jackson forwarding valid e-mail from Asa Hazelwood for purposes of comparing to e-mail in question | Confidential CONCORD 2358-2360 (Degen Depo Ex. 6) | | | | FCTI Obj. Rule 802 <br><br> Ramey Obj. Rule 802 |
| 44. | 05/19/05 | E-mail from Jackson to Frem with proposed agreement changes attached | Confidential CONCORD 2382-2384 (Jackson Depo Ex. 10) | | | | |
| 45. | 05/20/05 | Memo/Report Synopsis by Bob Degen re: Ryan Ramey – EFS Trucking Internal, with exhibits (Redacted) | Confidential CONCORD 0225-252 (Degen Depo Ex. 4) | | | | FCTI Obj. Rule 802 <br><br> Ramey Obj. Rule 106, 802, 901 |
| 46. | 05/20/05 | Memo/Report Synopsis by Bob Degen re: Ryan Ramey – EFS Trucking Internal (Cleaner copy of body of report) | Confidential CONCORD 2057-2061 (Jackson Depo Ex. 23) | | | | FCTI Obj. Rule 802 <br><br> Ramey Obj. Rule 802 |
| 47. | 05/25/05 | First Data Corporation Severance Policy (Tier 1 Employees) Effective May 25, 2005 | Confidential CONCORD 0109-0120 (Jackson Depo Ex. 2) | | | | FCTI Obj. Rule 901 <br><br> Ramey Obj. Rule 901 |

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 7 of 8**

**PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST**

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 48. | 06/01/05 | Letter from Joe Jackson to Gabriel Frem Re: FCTI Management Agreement dated April 30, 2005 between Concord Computing Corp. and Financial Consulting & Trading Int'l. | FCTI 000123-124 (Frem Depo Ex. 2) | | | | FCTI Obj. Rule 802<br><br>Ramey Obj. Rule 802 |
| 49. | 06/08/05 | Memo/Report Synopsis by Bob Degen re: Ryan Ramey – EFS Trucking | Confidential CONCORD 0599-600 (Degen Depo Ex. 7) | | | | FCTI Obj. Rule 802<br><br>Ramey Obj. Rule 802 |
| 50. | 02/08/06 | Defendant Ryan Ramey's Answers to Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents | (Ramey Depo Ex. 24) | | | | |
| 51. | Undated | Resume of Alanna Kellogg | FCTI 000168-171 | | | | |
| 52. | 03/08/07 | Internet blog pages containing articles by Alanna Kellogg | (Kellogg Depo Ex. 5) | | | | |
| 53. | 07/17/06 | Internet article, "Lettuce Move On: Time is ripe for colorful, versatile vegetable salads" by Alanna Kellogg | (Kellogg Depo Ex. 6) | | | | |
| 54. | Undated | Internet recipes by Alanna Kellogg from Webster-Kirkwood Times Online Edition | (Kellogg Depo Ex. 7) | | | | |
| 55. | 03/09/07 | Internet recipe by Alanna Kellogg for Emerald Isle Stew, from KitchenParade.com | (Kellogg Depo Ex. 8) | | | | |
| 56. | 03/12/07 | Internet article, "The Danger of Convenience: Birds Eye Steamfresh Frozen Vegetables" by Alanna Kellogg | (Kellogg Depo Ex. 9) | | | | |
| 57. | Undated | Internet blog pages regarding Alanna Kellogg and food blogs, "Kitchen Parade" and "A Veggie Venture" | (Kellogg Depo Ex. 10) | | | | |
| 58. | Undated | Pages from Alanna Kellogg's expert file | (Kellogg Depo Ex. 12) | | | | |

3618018_4.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**PLAINTIFF CONCORD COMPUTING'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 8 of 8**

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 59. | Undated | FCTI Maint, ECash, G&A Analysis spreadsheet | (Kellogg Depo Ex. 14) | | | | |
| 60. | Undated | FCTI Armored Carrier (AC) Analysis spreadsheet | (Kellogg Depo Ex. 15) | | | | |
| 61. | Undated | FCTI Cash Cost Analysis spreadsheet | (Kellogg Depo Ex. 16) | | | | |
| 62. | Undated | Final Damage Assessment spreadsheet | (Kellogg Depo Ex. 17) | | | | |
| 63. | 01/12/07 | Expert Witness Report of Alanna Kellogg | n/a | | | | |
| 64. | 01/10/07 | E-mail from Hoffman to Patterson regarding phone message from Alanna Kellogg | (Patterson Depo Ex. 3) | | | | |
| 65. | Undated | Patterson & Associates Stationery with handwritten numbers re: FCTI #'s changed | (Patterson Depo Ex. 7) | | | | |
| 66. | 01/10/07 | E-mail from Hoffman to Patterson re: First Data Bond Rates | (Patterson Depo Ex. 9) | | | | |
| 67. | 01/10/07 | E-mail from Delay to Patterson re: attached expert witness report | (Patterson Depo Ex. 10) | | | | |
| 68. | 01/11/07 | Expert Witness Report of William Patterson | n/a | | | | |
| 69. | 01/15/07 | Supplemental Expert Witness Report of William Patterson | n/a | | | | |
| | | Any exhibit needed for rebuttal or impeachment purposes | | | | | |
| | | Graphics and demonstrative exhibits provided at a later date by stipulation of the parties | | | | | |

3618018_4.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**DEFENDANT FCTI AND GABRIEL FREM'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 1 of 6**

| Exhibit Number | Brief Description | Offer | Stipulated | In | Out | Remarks |
|---|---|---|---|---|---|---|
| A | FCTI ATM Management Agreement (executed copy) (FCTI 000022-52) | | X | | | |
| B | Jackson e-mail to Frem re: proposed changes to agreement, with attachment, 5/19/05 (FCTI 000117-119) | | X | | | |
| C | Jackson e-mail to Mr. Frem, 6/8/05 ("Nothing sinister here") (FCTI 000144-145) | | X | | | |
| D | "Gabrielle" e-mail from Jackson to Mr. Frem, 6/13/05, FCTI 000150-151) | | X | | | |
| E | Amendment No. 2 to Electronic Banking Services Agreement (FCTI 000053) | | | | | Concord Obj. Rule 402, 403 |
| F | E-mail chain (Jackson to Mr. Frem; Greg Courts to Jackson; Reynolds to Courts, 5/16/05) (FCTI 000063-64) | | | | | Concord Obj. Rule 802, 402, 403 |
| G | E-mail chain (Mr. Frem to Rodin, Rodin to Mr. Frem, 3/21/05 to 3/22/05) (FCTI 000081-82) | | X | | | |
| H | E-mail from Rodin to Mr. Frem, 4/15/05 (FCTI 000098) | | | | | Concord Obj. Rule 402, 403 |
| I | FCTI letter to First Data Corporation, 5/20/05 (FCTI 000121-122) | | | | | Concord Obj. Rule 802, 402, 403 |

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**DEFENDANT FCTI AND GABRIEL FREM'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*

**Judge Richard P. Matsch**

Page 2 of 6

| Exhibit Number | Brief Description | Offer | Stipulated | In | Out | Remarks |
|---|---|---|---|---|---|---|
| J | (Removed) | | | | | |
| K | (Removed) | | | | | |
| L | Jackson e-mail to Scheirman re Fote approval, Feb. 24, 2005 (Concord2332) | | | | | Concord Obj. Rule 402, 403 |
| M | Frem e-mail to Munson re FCTI proposal revised, Feb. 23, 2005 (FCTI 000001) | | | | | Concord Obj. Rule 802, 402, 403 |
| N | Munson e-mail to Frem re Revised Model and Frem Response, Feb. 28, 2005 (FCTI 000002-3) | | | | | Concord Obj. Rule 802, 402, 403 |
| O | Rodin e-mail to Mr. Frem, April 15, 2005 (FCTI 000098) | | | | | Concord Obj. Rule 402, 403 |
| P | Pilot letter to Concord, July 7, 2005 (Concord 0280-284) | | | | | Concord Obj. Rule 802, 402, 403 |
| Q | EFS Transportation-ATM FCTI Outsource Proposal (redacted by Concord) (Concord2402) | | | | | Concord Obj. Rule 402, 403 |
| R | EFS Transportation-ATM FCTI Outsource Proposal (not redacted; Attorneys' Eyes Only) (Concord0591-592) | | | | | Concord Obj. Rule 402, 403 |
| S | FCTI Proposal Summary (not redacted; Attorneys' Eyes Only) (Concord0557-558) | | | | | Concord Obj. Rule 402, 403 |

3624492_2.DOC

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**DEFENDANT FCTI AND GABRIEL FREM'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*

**Judge Richard P. Matsch**

**Page 3 of 6**

| Exhibit Number | Brief Description | Offer | Stipulated | In | Out | Remarks |
|---|---|---|---|---|---|---|
| T | Western Union EFS Transportation Services – ATM (not redacted; Attorneys' Eyes Only) (Concord0554-556) | | | | | Concord Obj. Rule 402, 403 |
| U | Western Union EFS Transportation Services Business Review, March 22, 2005 (not redacted; Attorneys' Eyes Only) (Concord 0543-553) | | | | | Concord Obj. Rule 402, 403 |
| V | Munson e-mail to Shine (May 20, 2005), Munson e-mail to Crandall (April 13, 2005) (redacted by Concord) (Concord 0509) | | | | | Concord Obj. Rule 402, 403 |
| W | Fully executed Capital Appropriations Request re EFS Transportation Services – ATM Outsource (Attorneys' Eyes Only) (Concord 0504-0508) | | X | | | |
| X | Mr. Frem e-mail to Mr. Ramey re "Mission Accomplished!," April 25, 2005 (FCTI000010) | | | | | Concord Obj. Rule 402, 403, 802 |
| Y | Courts e-mail to Mr. Frem, dated May 2, 2005 (Concord0286-287) (concerning travel to Los Angeles) | | X | | | |
| Z | Mr. Frem e-mail to Mr. Ramey, dated April 23, 2005 (Concord2434) | | | | | Concord Obj. Rule 802, 402, 403 |

3624492_2.DOC

*Concord Computing  v. Financial Consulting and Trading Int'l, et al.*

**DEFENDANT FCTI AND GABRIEL FREM'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 4 of 6**

| Exhibit Number | Brief Description | Offer | Stipulated | In | Out | Remarks |
|---|---|---|---|---|---|---|
| A-1 | Telemonitoring Consent Form (Concord 0395) | | X | | | |
| A-2 | EFS Transportation – ATM Outsource Proposal (redacted by Concord) (Concord 2402) | | | | | Concord Obj. Rule 402, 403 |
| A-3 | CAR (Attorneys' Eyes Only) (Concord 1401-1412) | | | | | Concord Obj. Rule 402, 403 |
| A-4 | CAR (Attorneys' Eyes Only) (Concord 1413-1424) | | | | | Concord Obj. Rule 402, 403 |
| A-5 | Payment Services CAR (Attorneys' Eyes Only) (Concord 1398-1400) | | | | | Concord Obj. Rule 402, 403 |
| A-6 | Payment Services CAR (Attorneys' Eyes Only) (Concord 0531-542) | | | | | Concord Obj. Rule 402, 403 |
| A-7 | "Detail Backup" (Attorneys' Eyes Only) (Concord 0520-529) | | | | | Concord Obj. Rule 402, 403 |
| A-8 | FirstData Corporation CAR (Attorneys' Eyes Only) (Concord 0514-516) | | | | | Concord Obj. Rule 402, 403 |
| A-9 | Payment Services CAR (Attorneys' Eyes Only) (Concord 0517-519) | | | | | Concord Obj. Rule 402, 403 |
| A-10 | Payment Services CAR (Attorneys' Eyes Only) (Concord 0511-513) | | | | | Concord Obj. Rule 402, 403 |

3624492_2.DOC

## DEFENDANT FCTI AND GABRIEL FREM'S TRIAL EXHIBIT LIST

| Exhibit Number | Brief Description | Offer | Stipulated | In | Out | Remarks |
|---|---|---|---|---|---|---|
| A-11 | Mr. Frem e-mail to Shine, Munson, Gates, Courts, Ramey, February 15, 2005 (Concord 0310-312) | | | | | Concord Obj. Rule 802, 402, 403 |
| A-12 | Gates e-mail to Shine with attachments and e-mail chain (Concord 0468-470) | | | | | Concord Obj. Rule 802, 402, 403 |
| A-13 | FCTI Webpage (Concord 0562-563) | | | | | Concord Obj. Rule 802, 402, 403 |
| A-14 | FCTI Memo to Mr. Ramey (Concord 0564-585) | | | | | Concord Obj. Rule 802, 402, 403 |
| A-15 | EFS Transportation ATM Outsource Analysis (Attorneys' Eyes Only) (Concord 0594) | | | | | Concord Obj. Rule 901, 802, 402, 403 |
| A-16 | Letter, dated June 24, 2005, from Pilot Travel Centers LLC to Concord Computing Corporation and Concord EFS | | | | | |
| A-17 | Letter, dated June 28, 2005, from Western Union Commercial Services to Pilot Travel Centers LLC | | | | | |
| A-18 | Letter dated November 4, 2005 from Pilot Travel Centers LLC to Concord and Western Union | | | | | |
| A-19 | Letter, dated March 14, 2006, from First Data to Pilot Travel Centers LLC (with attachment) | | | | | |

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

Case No. *05-cv-01209-RPM*

**Judge Richard P. Matsch**

Page 6 of 6

## DEFENDANT FCTI AND GABRIEL FREM'S TRIAL EXHIBIT LIST

| Exhibit Number | Brief Description | Offer | Stipulated | In | Out | Remarks |
|---|---|---|---|---|---|---|
| A-20 | Letter, dated September 12, 2006 from Pilot Travel Centers LLC to Concord and Western Union | | | | | |
| A-21 | Letter, dated September 29, 2006 from EFS Transportation Services to Pilot Travel Centers LLC | | | | | |
| A-22 | Letter, dated October 19, 2006, from Pilot Travel Centers LLC to EFS Transportation Services and First Data Commercial Services | | | | | |
| A-23 | Letter, dated November 10, 2006, from Pilot Travel Centers LLC to First Data Commercial Services | | | | | |
| A-24 | Letter, dated December 12, 2006, from Pilot Travel Centers LLC to First Data Commercial Services | | | | | |
| A-25 | Letter, dated December 18, 2006, from Pilot Travel Centers LLC to First Data Commercial Services | | | | | |
| A-26 | Any document needed for impeachment or rebuttal | | | | | |
| A-27 | Any document identified or produced in a preservation deposition | | | | | |

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

**DEFENDANT RYAN RAMEY'S TRIAL EXHIBIT LIST**

*Case No. 05-cv-01209-RPM*
Judge Richard P. Matsch
Page 1

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|---|---|---|---|---|---|---|---|
| 1. | 12/07/04 | Yerington memo | CONCORD 0410 - 0417 | | | | Concord Obj. Rule 402, 403 |
| 2. | 04/04/05 | Gates email string | CONCORD 1376 – 1381 | | | | Concord Obj. Rule 402, 403 |
| 3. | | Severance Claim record | CONCORD AR 0001 – 0179 | X | | | |
| 4. | 10/30/03 | Code of Conduct Acknowledgement | Ramey Depo Ex. 10 (Confidential CONCORD 0394) | | | | Concord Obj. Rule 402, 403 |
| 5. | 08/27/04 | Compensation agreement | Ramey Depo Ex. 28 (Confidential CONCORD 0138-0140) | | | | Concord Obj. Rule 402, 403 |
| 6. | | First Data Board of Directors Web Site | Exhibit A-3, Ramey Response to Summary Judgment | X | | | |
| 7. | 05/20/05 | Shine email | Jackson Depo Ex. 15 (Confidential CONCORD 0509) | | | | Concord Obj. Rule 402, 403 |
| 8. | 04/11/05 | Shine email | Frem Depo Ex. 18 (Confidential CONCORD 0468-0470) | | | | Concord Obj. Rule 402, 403 |
| 9. | | Miscellaneous emails | CONCORD 0231, 0242, 0244, 0246, and 0468 | | | | Concord Obj. Rule 802, 402, 403 |
| 10. | 04/12/06 | Plaintiff's Answers to Mr. Ramey's First Set of Interrogatories, and Requests for Production of Documents (w/o attachments) | | | | | Concord Obj. Rule 402, 403 |
| 11. | | Any exhibit needed for rebuttal or impeachment purposes | | | | | |

*Concord Computing v. Financial Consulting and Trading Int'l, et al.*

*Case No. 05-cv-01209-RPM*
**Judge Richard P. Matsch**
**Page 2**

## DEFENDANT RYAN RAMEY'S TRIAL EXHIBIT LIST

| Ex. # | Date | Description | Bates Range | Stip | In | Out | Comments |
|-------|------|-------------|-------------|------|----|----|----------|
| 12. | | Graphics and demonstrative exhibits provided at a later date by stipulation of the parties | | | | | |

3621622_2.DOC